NO. 07-12-0056-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
 AUGUST 22, 2012
 
 ______________________________
 
 
 EDGAR HERNANDEZ, APPELLANT
 
 V.
 
 THE STATE OF TEXAS, APPELLEE
 
 
 _________________________________
 
 FROM THE 287[TH] DISTRICT COURT OF BAILEY COUNTY;
 
 NO. 2677-A; HONORABLE GORDON H. GREEN, JUDGE
 
 _______________________________
Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
Following an open plea of guilty, Appellant, Edgar Hernandez, was convicted of burglary. In presenting this appeal, counsel has filed an Anders brief in support of a motion to withdraw. We grant counsel's motion and affirm.
In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of Anders and In re Schulman by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review. In re Schulman, 252 S.W.3d at 408. By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. Id. at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.
 Background Facts
 On November 11, 2010, while responding to a call of a suspicious vehicle, a lieutenant and detective with the Muleshoe Police Department observed an individual, later identified as Appellant, leaving a residence carrying an "armful of stuff." Upon noticing the marked patrol vehicle, Appellant dropped the items and jumped into an SUV. Appellant's brother, Silverio Hernandez, was driving the SUV and was accompanied by two juveniles. Silverio pulled away from the residence and, according to the lieutenant, headed in the direction of his patrol vehicle. The SUV collided with the patrol vehicle, lost a front wheel and continued down the street. Notwithstanding the damage to the patrol vehicle, the lieutenant was able to give chase for about one-half mile. Appellant, Silverio and the two juveniles abandoned the damaged SUV in a vacant field and fled on foot. The lieutenant apprehended Silverio and the detective apprehended the two juveniles. Appellant was not captured but did turn himself in the next day. 
The SUV was abandoned with all four doors remaining open and the back window shattered from the collision. The lieutenant and detective observed various items in the SUV, including electronics, video games, CDs, DVDs, firearms, jewelry and a purse, all determined to be stolen property from victims of several burglaries. 
After a jury was selected, Appellant entered a plea of guilty but elected to have the jury hear punishment evidence. In addition to testimony about the burglaries, evidence was presented that Appellant, while in the Bailey County Jail, violated certain rules prohibiting inmates from engaging in certain conduct, including possession of contraband. After presentation of the evidence, the State argued that a fifteen-year sentence was reasonable punishment and urged the jury not to recommend community supervision. The defense pleaded for community supervision given that Appellant is young, has a young daughter and cooperated with law enforcement. After deliberating, the jury assessed punishment at fifteen years confinement and a $10,000 fine. 
 Analysis
 By the Anders brief, counsel certifies he has found no meritorious issues to present to this Court. See Currie v. State, 516 S.W.2d 684 (Tex.Crim.App. 1974). We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005).
Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed. 
Patrick A. Pirtle
 Justice 
Do not publish.